**Mark P. TURNER, Plaintiff,**

v.

**Herb MASCHNER, et al., Defendants.**

**No. 87–3039–S.**

United States District Court,
D. Kansas.

Oct. 2, 1991.

Mark P. Turner, pro se.

### ORDER

SAFFELS, District Judge.

Plaintiff proceeds on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff

complains he was wrongfully disciplined for obtaining junior high school directories and then writing letters to several female students listed therein. Specifically, plaintiff claims the disciplinary proceeding violated his right to due process because: (1) the evidence did not support a finding of guilt on two charges of theft by deception and two charges of attempted theft by deception, (2) plaintiff was denied his witnesses at the disciplinary hearing, and (3) the reasons given in the disposition of the disciplinary action were not sufficient.

Earlier, this court, referring to 28 U.S.C. § 1915, dismissed plaintiff's complaint. On appeal, the Tenth Circuit Court of Appeals vacated the order and found plaintiff's allegations to be serious enough to warrant a response from defendants.

Defendants have filed an answer in which they deny any wrongdoing and raise the affirmative defenses of sovereign immunity for all allegations against them in their official capacities, and qualified immunity for all allegations against them in their individual capacities.

Having carefully reviewed the record, which includes a transcript of the disciplinary proceeding in question, the court finds dismissal of the complaint is warranted.

Plaintiff was charged and found guilty of two counts of theft by deception, K.A.R. 44–12–203(b), and two counts of attempted theft by deception, K.A.R. 44–12–1101. In this complaint, the crux of plaintiff's argument is that no evidence supported the disciplinary action because there was no evidence to support a finding of "theft." Plaintiff relies on the fact that he offered to pay for any directory received, and wanted to produce witnesses and evidence to show that he had sufficient funds for payment and that he had a record of paying for goods ordered through the mail.

Plaintiff's argument is flawed. Plaintiff's offer to pay for the directories, and thus not deprive the schools of the value of the directory, does not remove plaintiff's conduct from the scope of the offense. The regulation defines theft, in part, as obtaining control over property by deception, "with intent to deprive the owner permanently of the possession, use or benefit" of the property. K.A.R. 44–12–203(c). The regulation does not make plaintiff's intent to pay for the directories controlling. Clearly, the regulation forbids plaintiff from using deception to cause a school to give up possession of a directory where, absent the deception, possession would have been retained.

As there is no dispute that plaintiff intentionally deceived the schools in his request for the directories, and as the transcript of the hearing shows that the disciplinary board had evidence before it that the school districts would not have sent the directories if they had known the request came from an incarcerated prisoner, the court finds plaintiff's claims are without legal foundation given the language of the regulations.[1] Accordingly,

IT IS ORDERED that the complaint is dismissed and all relief denied.

---

1. This finding necessarily disposes of any merit in plaintiff's complaint that he was denied witnesses who could demonstrate plaintiff's ability to pay for the directories and who could establish that plaintiff pays for goods ordered through the mail. Likewise, it defeats plaintiff's complaint that the disposition did not address plaintiff's intent to pay for the directories.